UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEONARD HOLLINGSWORTH, *et. al.*,<br><br>Defendants. | No. CR11-183RSL<br><br>ORDER DENYING DEFENDANTS' MOTIONS FOR JUDGMENTS OF ACQUITTAL |

This matter comes before the Court on Defendant Larsell Hollingsworth's "Motion for Judgment of Acquittal after Jury Verdict" (Dkt. # 234) and "Defendant Leonard Hollingsworth's Motion and Supporting Memorandum for Judgment of Acquittal after Jury Verdict" (Dkt. # 235). The Court DENIES each motion.

**I. DISCUSSION**

The Court presumes the parties are familiar with the facts of this case. In short, after a six-day jury trial, both Defendants were found guilty of multiple counts of wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

Nevertheless, now, as at trial, each argues that he is entitled to a judgment of acquittal because the United States presented insufficient evidence that "the defendant used, or caused to be used, a wire communication in interstate or foreign commerce to further the scheme." Mot. (Dkt. # 234); Mot. (Dkt. # 235). Again, the Court disagrees.

ORDER DENYING DEFENDANTS' MOTIONS FOR JUDGMENTS OF ACQUITTAL - 1

The Court must affirm the jury's verdict if "after viewing the evidence in the light most favorable to the prosecution," the Court concludes that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). And, in this case, sufficient evidence exists to allow a reasonable juror to conclude that each Defendant knew, or could reasonably have foreseen, that his actions would result in Lowe's use of the wires. See Ninth Circuit Model Jury Instruction 8.101 (modified per the Committee's note to Ninth Circuit Model Jury Instruction 8.103). As the United States notes in its Response:

> [T]he government presented evidence that each time a return transaction was made it was made at a computerized register, and that the process for making a return was as follows
>
> 1. The cashier scans the bar code of the merchandise to be returned to confirm that it is merchandise carried by Lowe's;
>
> 2. The cashier then requests a valid driver's license or identification card and enters the number from the identification materials into the computer, which tracks the total number of returns made using that identification number;
>
> 3. If the computer permits the individual to make a return of the merchandise – that is, if the computer does not refuse the return because the individual has made too many returns of high-theft merchandise in a given period of time – then the cashier issues store credit to the customer in the form of a merchandise card;
>
> 4. If the amount of the return exceeds approximately $125, then the cashier telephones or calls a manager over to approve the transaction;
>
> 5. The cashier selects an "inactive" merchandise card and scratches off a pin number on the back of a merchandise card, enters it into the computer register; and
>
> 6. The cashier swipes the merchandise card through the computer to activate it.

Dkt. 245 at 4.

ORDER DENYING DEFENDANTS' MOTIONS FOR JUDGMENTS OF ACQUITTAL - 2

Furthermore, "[t]he government offered video evidence showing Defendants at the computer register making a return, and in many instances watching the actions of the cashier as he/she processed the return and issued a merchandise card to the Defendants." Id. And, perhaps most importantly,

> Leonard and Larsell Hollingsworth, and the other co-schemers, altered their identification cards and driver's licenses: to conceal from Lowe's *computer system* that they had made numerous prior returns without a receipt. <u>In other words, the very nature of the scheme – to alter identification numbers to circumvent the computer systems fraud prevention measures – showed beyond any doubt that Leonard and Larsell Hollingsworth understood that Lowe's kept this information electronically, shared it immediately with other Lowe's stores throughout the area, and later could access the information electronically at any of the Lowe's stores</u>. That such information was shared and recorded could only have been done through the sharing of electronic and digital information; that is, by wire communication.

Id. at 5 (second emphasis added).

## II. CONCLUSION

For the foregoing reasons, and each of the additional reasons cited by the United States in its Response, Dkt. # 245, the Court DENIES each Defendant's motion.

DATED this 1st day of March, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' MOTIONS FOR JUDGMENTS OF ACQUITTAL - 3